### ALLEN v. HEINE et al.

*(Supreme Court, General Term, Second Department.   July 22, 1892.)*

**VALIDITY OF CHATTEL MORTGAGE—ANTECEDENT DEBTS—CREDITORS AND PURCHASERS.**
A person claiming title to chattels mortgaged by a third person without title to secure a loan, being neither a creditor nor purchaser, cannot object that the mortgage was invalid because given to secure an antecedent debt.

Appeal from city court of Yonkers.

Action by Abigail Allen against Albert Heine and David E. Allen.   From a judgment for defendants, plaintiff appeals.   Affirmed.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*William Riley,* for appellant.   *R. E. & A. J. Prime & Burns,* (*Ralph Earl Prime, Jr.,* of counsel,) for respondents.

DYKMAN, J.   This is an appeal from a judgment of the city court of Yonkers in favor of the defendants against the plaintiff.   The action was for the recovery of a steam engine, boiler, shafting, pulleys, and hangers.   The plaintiff claimed title to the property under a chattel mortgage executed to her

by James Allen and David E. Allen, who were copartners in business in Yonkers under the name of Allen & Son. The plaintiff is the wife of James and the mother of David. The defendant Heine claimed title to the property by purchase from Marvin Briggs, in New York city, and it was bought from Briggs; but the great question upon the trial was whether the purchase was made by Allen & Son, as the plaintiff claims, or whether it was made by Heine, as the defendants claim. The chattel mortgage to the plaintiff was foreclosed, and she became the purchaser of the property at the sale, and the defendants removed it all from the former place of business of Allen & Son, where it had been in use previous to the sale, and where it was left after the sale. There was some claim that the mortgage of the plaintiff was invalid because it was given to secure an antecedent debt, but the defendant Heine is not in a position to derive any benefit from its invalidity, because he is neither a creditor nor a purchaser. He must therefore stand upon his own title as a purchaser from Marvin Briggs.

The facts relating to the purchase are curious, and quite complicated. Allen & Son desired to procure an engine, and Heine directed them to Briggs, who had this engine in question, and James went to New York, and examined it, but thought it was too small, and did not buy it. He reported his fears to Heine, who insisted it would perform the work, and was sufficiently large and powerful, and offered to put it in himself, and remove it if it proved upon trial to be insufficient. That proposition was accepted, and Heine authorized David to use his name in ordering the engine, and it was ordered by David, as we infer from the testimony. It was shipped to Yonkers in the name of Heine, and he directed the carrier to deliver it to Allen, and it was so delivered and set up by them, and used for some time, and until their failure in business. It was during the time of such use that the plaintiff took her chattel mortgage. The charge on the books of Briggs for the engine and boiler was made against Allen & Son, but the bookkeeper says he made the charge against them because Briggs told him the sale was made to them, and that he afterwards wrote the name of Heine in pencil over their name upon the book. A bill was sent to Allen & Son at Yonkers for the engine, and thereupon Heine informed James Allen that the bill was a mistake, and went to New York, and got a bill in his own name for the engine. Heine either then or afterwards paid $25 to Briggs on account of the purchase. The city judge before whom the cause was tried found all the facts in favor of the defendants, and found that the purchase was made by Heine. Although there is some obscurity about the facts, yet the evidence preponderates in favor of the theory of the defendants to an extent which forbids us to interfere with the finding of the trial court. There is some uncertainty in the testimony respecting the ownership of the shafting, hangers, and pulleys, but no point was made respecting those articles, either upon the trial or upon this appeal, and we assume that all questions relating to those articles were waived.

The judgment should be affirmed, with costs. All concur.